IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| MIGUEL A. RODRIGUEZ, | ) | |
| *on behalf of himself and all others* | ) | |
| *similarly situated*, | ) | Civil Action No. 1:14-cv-01142 (AJT/TRJ) |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, | ) | |
| LLC, | ) | |
| Defendant. | ) | |
| | ) | |

**PROPOSED DISCOVERY PLAN**

Pursuant to Fed. R. Civ. P. 26(f), Local Civil Rule 26(A) and the Court's Order of October 20, 2014, the parties hereby propose the following joint Discovery Plan:

1.    <u>Conclusion of Discovery</u>.  Discovery will be concluded by Friday, **February 13, 2015** as provided in the Court's Initial Scheduling Order.

2.    <u>Initial Disclosures</u>. The parties agree that all Fed. R. Civ. P. 26(a)(1) disclosures shall be completed by **November 21, 2014**.

3.    <u>Claims, Defenses and Settlement</u>.  The parties have conferred as to the nature and basis of their claims.  The parties have discussed settlement; however, settlement is not an option at this time.  The parties are willing to consider Court-supervised mediation at an appropriate time, individually or collectively.

4.    <u>Discovery Schedule</u>.  The parties do not believe that the Local Civil Rules should be altered with respect to the timing of discovery.  Accordingly, all requests for written discovery should be served so that answers thereto shall be due to be served not later than the discovery cut-off date.

5.      Service of Papers and Pleadings.  The parties agree to accept service of any non-ECF pleadings and papers by email in .pdf format upon counsel of record.

6.      Discovery of Electronically Stored Information.  The parties agree to work in good faith to coordinate the manner in which ESI is to be produced.

7.      Privileged or Protected Materials. The parties agree that to the extent any party intends to assert a claim of privilege or protection as trial preparation material, any such claim must be made in a timely manner and in accordance with Fed. R. Civ. P. 26(b)(5). The parties agree that inadvertent production of privileged materials shall not constitute a waiver of privileges or protections so long as the producing party notifies the receiving party promptly upon discovery of the inadvertent production.  Disputes concerning privileges and protections shall be addressed in accordance with Fed. R. Civ. P. 26(b)(5)(B).

8.      Protective Orders. Counsel have discussed entry of a stipulated protective order and intend to file one with the Court.

9.      Filings Under Seal. The parties recognize that filings under seal are disfavored and discouraged, *Va. Dep 't of State Police v. Washington Post*, 386 F.3d 567, 575-576 (4th Cir. 2004). Any motion to file a document under seal, including a motion for entry of a protective order containing provisions for filing documents under seal, must comply with Local Civil Rule 5 and must be noticed for a hearing in open court.  The motion must state sufficient facts supporting the action sought, and each proposed order must include specific findings.

10.     Expert Discovery.  The parties agree that expert discovery may be necessary.  The party with the burden of proof as to any issue shall make its expert disclosures by **December 19, 2014**.  Responding disclosures are due **January 23, 2015**.A party my seek leave to file  rebuttal disclosures

11.    <u>Subjects of Discovery</u>.  The parties agree that discovery relevant to the claims and defenses contained in the pleadings will be appropriate, subject to all objections permitted by the applicable rules.

12.    <u>No Trial by Magistrate</u>.  The parties do not agree to submit to the jurisdiction of a magistrate judge in this case.

13.    <u>Chambers Copies of Motions</u>.  A paper copy of any non-dispositive motion and all papers relating to the motion shall be delivered directly to the chambers of the undersigned magistrate judge upon filing. See ECF Policies and Procedures, Alexandria Courtesy Copy Information.

14.    <u>Motions Procedures</u>.

a.     This is a class action.  Plaintiff shall file a motion for class certification on or before **February 6, 2015** with a response due on or before **February 27, 2015**.  A reply is due on or before **March 11, 2015**.

b.     All motions for summary judgment shall be filed by **February 13, 2015** with a response due on or before **March 6, 2015**.  A reply is due on or before **March 18, 2015**.

c.     All motions, except for class certification and summary judgment, shall be noticed for a hearing on the earliest possible Friday before the Final Pretrial Conference on **March 19, 2015 at 10:00 am**.  Ten working days' notice is required for motions to dismiss, for summary judgment and for judgment on the pleadings.  A non-dispositive motion must be filed 5:00 p.m. the Friday before the Friday for which it is noticed, with a response due by 5:00 p.m. the Wednesday before the hearing.  All motions must contain a statement that a good faith effort to narrow areas of disagreement has been made in accordance with Local Civil Rule 7(E) and Local Civil Rule 37(E) for discovery motions.

d.      If the filing of an amended pleading results in additional motions pursuant to Fed. R. Civ. P. 12, all such Fed. R. Civ. P. 12 issues shall be raised in one pleading unless leave of court is first obtained.  All summary judgment issues shall be presented in the same pleading unless leave of court is first obtained.

e.      All motions must adhere to the page limits set in Local Civil Rule 7(F)(3). No pleading shall be in type less than ten (10) pitch or twelve (12) point font.

15.      <u>Filing of Certain Materials</u>.  Disclosures under Fed. R. Civ. P. 26(a)(1) and (2), notices of depositions, interrogatories, request for documents and admissions, and answers thereto shall not be filed except on order of the Court, or for use in a motion or at trial.

16.      <u>Disclosures, Exhibit Lists, Witness Lists and Stipulations</u>.  The parties agree that the Rule 26(a)(3) disclosures, a list of exhibits to be used at trial, a list of the witnesses to be called at trial and a written stipulation of uncontested facts will be filed electronically with the Court on or before the Final Pretrial Conference.  Objections to exhibits will be filed within 10 days after the Final Pretrial Conference; otherwise the exhibits shall stand admitted in evidence.    The original exhibits shall be delivered to the clerk as provided by Local Civil Rule 79(A).

17.      <u>Jury Instructions and Voir Dire</u>.  In the event this case is tried before a jury, each party shall proceed in accordance with Local Civil Rules concerning jury instructions and objections.

The parties respectfully request that the Court adopt this Discovery Plan.

WE ASK FOR THIS:

LAW OFFICES OF JOHN C. BAZAZ, PLC


By:  */s/ John C. Bazaz*
       John C. Bazaz, Esq., VSB #70796
       Counsel for Mr. Rodriguez
       Law Offices of John C. Bazaz, PLC
       4000 Legato Road, Suite 1100
       Fairfax, VA 22033
       Telephone: 703-272-8455
       Facsimile: 703-596-4555
       jbazaz@bazazlaw.com


SEEN AND AGREED:

JOHN W. MONTGOMERY, JR., ATTORNEY, PLC

By:  */s/ John W. Montgomery*
       John W. Montgomery, Jr. Esq., VSB #37149
       Counsel for Equifax Information Services LLC
       John W. Montgomery, Jr., Attorney, PLC
       2116 Dabney Road, Suite A-1
       Richmond, VA 23230
       Telephone: 804-355-8744
       Facsimile: 804-355-8748
       jmontgomery@jwm-law.com