UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MIGUEL A. RODRIGUEZ,
on behalf of himself and all others similarly situated,

    Plaintiff,

v.                                    Case No.: 1:14-cv-1142-AJT-TRJ

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

## **DEFENDANT'S CONSENT MOTION TO EXTEND PRE-TRIAL DEADLINES**

Plaintiff Miguel A. Rodriguez ("Plaintiff") and Equifax Information Services LLC ("Equifax"), by counsel, file their Joint Motion to Extend Pre-Trial Deadlines and hereby show as follows:

This case is a putative class action under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. Plaintiff alleges that Equifax systematically delayed the sending of notice letters otherwise required under 15 U.S.C. § 1681k(a)(1) when a consumer reporting agency furnishes an employment report containing a derogatory public record such as a judgment, tax lien or bankruptcy filing. Equifax denies that such notices were delayed or that it in any way willfully violated the FCRA.

Plaintiff has filed a Motion to Compel (Dkt. No. 16) and a Motion for Enlargement of time (Dkt. No. 17). Defendant files this consent Motion to join in Plaintiff's motion for enlargement as a proper means to permit resolution of the motion to compel. Counsel for the Parties have met and conferred on multiple occasions regarding the issues herein and Plaintiff would consent to this disposition. Further, the parties have worked collaboratively and

effectively throughout this litigation, and have not previously sought any extension of the current discovery or motions deadlines.

The factual issues presented in this case have required substantial investigation and review by Equifax and its counsel. Over the course of responding to Plaintiff's discovery and preparing witnesses for depositions, the understanding of Equifax's counsel has developed and the Defendant's discovery responses have required several supplementations and corrections. When Equifax first responded to Plaintiff's discovery requests, Defendant understood the procedure for the sending of the subject notices to be different than was later learned by its counsel. That understanding first conveyed to Plaintiff based on a good-faith understanding of the facts was ultimately incorrect. Thereafter, before the filing of the Plaintiff's pending motions, Defendant provided a different explanation for this process. Thereafter, Plaintiff completed the deposition of Equifax's disclosed management witness, Margaret Leslie, and a further explanation was provided to Plaintiff's counsel, again based on Defendant's good faith understanding of the relevant facts. After that deposition, Plaintiff filed the pending motions.

In preparation for a deposition (scheduled for February 10, 2015) of a frontline Equifax employee witness that Defendant's counsel understood actually supervised and sent the FCRA notices, Defendant's counsel discovered additional documents relevant to this case including the actual consumer report furnished regarding the Plaintiff and the form notice letter Equifax sent to consumers. That was provided to Plaintiff's counsel after the filing of the pending motions. In addition, in the preparation of the witness, Defendant's counsel learned that the actual procedure for sending the FCRA notice was significantly different than had previously been stated in Defendant's discovery answers and deposition testimony. Defendant's counsel also learned that the subject notices were actually mailed by a previously undisclosed third party.

Immediately upon learning of this needed correction and supplementation, Equifax's counsel contacted Plaintiff's counsel and disclosed this new information. However, the Parties both agree that Plaintiff could be substantively prejudiced by the new disclosures, documents and information in light of the approaching discovery deadline.

Discovery is currently scheduled to close on Friday, February 13, 2015, which does not allow sufficient time to obtain and properly review the newly discovery evidence and file any motion pursuant to Fed. R. Civ. P. 23. Accordingly, Equifax has agreed to move for enlargement to the time within which Plaintiff may complete discovery and file any motion for class certification and within which either party may move for summary judgment. Equifax will cooperate in expeditiously providing deposition dates for its newly disclosed employees, producing related documents and assisting in procuring the testimony and document production of its third party mail vendor. Attached hereto the parties submit a proposed order that would extend the current discovery deadline until March 10, 2015.

Plaintiff's counsel has stated its consent to this approach in lieu of an otherwise contested sanctions motion and motion to compel, subject to the Court's willingness to provide the subject enlargement. With this Motion, Plaintiff's counsel also agrees to withdraw its pending motion to compel in light of these new developments, subject to the Plaintiff's right to refile during the extended discovery period. Consequently, the parties believe that good cause is present for an extension of the pre-trial deadlines. Although Equifax strongly disagrees that there is any basis for seeking sanctions against it, Equifax nevertheless agrees that a reasonable extension of the deadlines is appropriate under the circumstances.

WHEREFORE, Defendant respectfully requests that its Motion be granted.

Respectfully submitted this 11th day of February, 2015.

        */s/ John Willard Montgomery, Jr.*
        John Willard Montgomery , Jr.
        Virginia State Bar No. 37149
        Counsel for Equifax Information Services, LLC
        John W. Montgomery Jr. Attorney PLC
        2116 Dabney Rd., Suite A-1
        Richmond, VA 23230
        Telephone 804-355-8744
        Facsimile 804-355-8748
        Email: jmontgomery@jwm-law.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2015, I electronically filed the foregoing **CONSENT MOTION TO EXTEND PRETRIAL DEADLINES** with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601

Matthew J. Erausquin
Casey S. Nash
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314

/s/ John W. Montgomery, Jr.
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com