IN THE UNITED STATES DISTRICT COURT FOR
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

|  |  |  |
|---|---|---|
| MIGUEL A. RODRIGUEZ, *on behalf of himself and all others similarly situated*, Plaintiffs, v. EQUIFAX INFORMATION SERVICES, LLC, Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 1:14-cv-01142 (AJT/TRJ) |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS RULE 37 MOTION

Plaintiff, MIGUEL A. RODRIGUEZ, by counsel, files this Memorandum in Support of his Rule 37 Motion and states as follows:

Plaintiff certifies that he has met and conferred with Defendant's counsel by telephone and by written correspondence on multiple occasions – numerous occasions – since March 12, 2015 to try and resolve the Parties' dispute detailed herein. Plaintiff has satisfied Local Rule 37 and this Court's orders.

### I. OVERVIEW

As previously detailed before the Court, this is an action brought under the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. against Equifax Information Services, LLC ("Equifax"), a national consumer reporting agency. Equifax sells its credit reports to various employers for use in consideration of employment applications, security clearance reviews and promotions. This case regards Equifax's contract and furnishing of such employment credit reports to the United States Government.

The case itself is based on both individual claims and a class action claim. The individual

claims – challenging the gross inaccuracy of Equifax's reporting as to Mr. Rodriguez (combining his report with a another) – is brought under 15 U.S.C. § 1681e(b) and is not the subject of this motion. The class claim, brought under 15 U.S.C. § 1681k(a)(1), is. Section 1681k(a)(1) requires that when a consumer reporting agency, Equifax in this instance, sells an employment-purpose consumer report containing derogatory public records (e.g. bankruptcy, judgment or lien records), it must – *at the same time* -- notify the consumer of the fact that the public record information is being reported, together with the name and address of the person to whom the information is being reported. 15 U.S.C. § 1681k(a)(1); *see* Williams v. LexisNexis Risk Mgmt. Inc., No. CIV A 306CV241-REP, 2007 WL 2439463, at *1 (E.D. Va. Aug. 23, 2007). Equifax has acknowledged that it never sends a contemporaneous notice. However, it has stated varied claims as to when it does generate and mail the FCRA disclosure, and the amount of the delay may meaningfully impact the determination of whether or not this FCRA violation was "willful" and the amount of statutory and punitive damages to be awarded under the Act. 15 U.S.C. § 1681n.

## II. EQUIFAX HAS NOT COMPLIED WITH THE COURT'S MARCH 12, 2015 ORDER.

Plaintiff has now had to brief the discovery positions taken by Equifax on three occasions and argued – so far – twice that such positions were improper under the Federal Rules and the orders of this Court. Dkt. No. 18, Dkt. No. 24, Dkt. No. 30, Dkt. No. 34, and Dkt. No. 37. Defendant's previous discovery conduct ultimately led to the hearing before Magistrate Judge Jones on March 12, 2015. Dkt. No. 37. (Hearing Transcript attached hereto as Exhibit "A"). After extended argument both sides and the Court's back and forth with the Parties to narrow the issues and items to be considered, Judge Jones granted Plaintiff's motion and ordered as follows.

A. The Court ordered Equifax to either stipulate to Rule 23 ascertainability and typicality for class certification or **"produce actual credit reports and all of the individualized 1681k information for the same two months[.]"** Dkt No. 37 at 54:3-8, 56:9-11, and 63:16-17.

2

As with all of its discovery responses, the production was to be made with one week after the hearing. *Id*. at 70:5-9. Equifax produced a set of documents that contained what seem to be the actual § 1681k(a)(1) letters related to Equifax's *OPM* reports in the two months Plaintiff selected (January 2013 and January 2014). Stating its difficulty at redacting and gathering other documents (such as the archived credit reports), Equifax delayed the production of most of the pages of its production until April 3, 2015.[1]

Defendant's compliance with this ordered production failed in one important respect. Equifax has interpreted the Court's order that it "produce all of the relevant 1681k information" to mean only the actual § 1681k(a)(1) letters themselves. But the Court's description (all information) was broader and corresponds with the actual demand made by Plaintiff in which he has asked for the defendant's electronic records of when the notices were actually printed and mailed. As Plaintiff's counsel explained to Equifax's attorney on March 17, 2015, "[W]e disagree that you need only produce these two documents. We also sought all electronic data related to these documents. For example, print dates and times within the electronic systems." Exhibit "C" at 300002. Instead, Equifax has merely provided the notice itself and nothing more.

**B.** The Court also ordered that "that Equifax produce any **documents** not already produced **that relate in any way to procedures that should be followed, have been followed, or have not been followed to comply with Section 1681k**." Id. at 64:21-25. Equifax has produced a total of 25 new pages in response to this component of the Court's Order.[2] While Equifax has designated

---

1 Plaintiff does not bring this motion to complain of such delay, even if in violation of the Court's order. Instead, He points out the delay to explain the reciprocal delay in prosecuting this motion. On April 3, 2015, Defendant's counsel finally advised this its rolling production was complete and that the remaining documents Plaintiff had demanded (and the Court had ordered) would not be forthcoming. Exhibit "B".

2 Defendant's counsel stated and described the production, "We also produced additional 1681k-related documents in the RodriguezDocs file. These documents—Bates numbered EIS-

3

these otherwise unremarkable pages as "Confidential" to block their filing without a Motion to Seal, the Court can review them in person. They contain 18 pages of form § 1681k notices, mostly forms from Equifax's competitors, Trans Union and Experian. The rest of this Bates range is what seems to be one small e-mail chain that merely advised of the intended switch in format of the reports and notice letters to be used after July 2014.

Equifax has produced literally not one page in this entire case that discusses, explain, document, record, suggest or in any way mention an actual process for generating, printing and mailing these § 1681k notice letters. Certainly nothing has been produced subsequent to the March 12, 2015 hearing. Not a page. Accordingly, as the Court foretold, Plaintiff asks the Court again to order the production of Equifax's full Sharedrive folder for the OPM project. *See* Dkt. No. 37 at 64:6-14. ("I'm going to withhold the ruling and take under advisement for the time being the question of production of the entire OPM folder on the Sharedrive. I am, in all candor, leaning toward requiring that Equifax produce that, but I'm not going to require it yet pending compliance with and Mr. Bennett's views on the efficiency of the other discovery that I'm ordering be produced.").

Further, Equifax has added a qualifier to the Court's Order that was not otherwise imposed. Though the Court ordered documents related to § 1681k generally, Equifax imposed the qualifier "in connection with OPM requests." Equifax retained that position even through multiple new meet and confer attempts and Plaintiff's counsel's citation to the actual Hearing Transcript. For example, in a March 17, 2015 exchange, defense counsel stated:

> Accordingly, to the extent documents exist, Equifax will produce (consistent with the Court's Order) (i) documents reflecting communications with OPM regarding 1681k notices; (ii) documents reflecting internal communications regarding 1681k notices in connection with OPM requests; and (iii) documents reflecting internal

---

RODRIGUEZ-001393 through 001417—include form letters, changes to the 1681k notices, and correspondence between OPM and Equifax regarding 1681k notices." Exhibit "D".

>procedures regarding 1681k notices in connection with OPM requests.

Exhibit "C" at 300003. Plaintiff's counsel responded:

>We also do not accede to your request that we at the phrase "in connection with OPM requests" to the Court's requirement that you produce the various 1681k documents. I expect that you may have very few 1681k documents that are limited to and only retain to the OPM reports. But the 1681k process and notice of the requirements generally certainly remains discoverable and is already ordered.

Exhibit "C" at 300002. To which Equifax's counsel again responded:

>My understanding of the Court's ruling is that production is limited to OPM-related documents, both with respect to consumer reports/1681k letters and internal Equifax documents relating to 1681k procedures. Exhibit "C" at 300001.

Plaintiff's counsel originally requested and at the hearing argued for production of general documents regarding § 1681k notice procedures. Defendant's limitation of that to solely the OPM procedures is exactly what Plaintiff sought to prevent. It appears that there are no documents that detail *to OPM* how Equifax is to comply with § 1681k, which is not particularly remarkable because this provision is an Equifax duty, not an OPM duty.[3] Accordingly, Plaintiff asked for documents that describe the process in general. Equifax has ignored the Court's actual language and recreated its own interpretation.

  **C.** Following the above instruction to provide any documents "that relate in any way to procedures that should be followed, have been followed, or have not been followed to comply with Section 1681k", the Court also ordered that the Defendant produce any "**documents that reflect or contain internal communications about compliance, communications between one Equifax employee and another**." Dkt No. 37 at 65:1-5. This as well was not confined to OPM communications or even OPM project-specific documents. To date, Equifax's employee has testified that the Legal and Compliance departments would have created and maintained specific procedures. Equifax has not denied the existence of any such documents and communications.

---

3 *Contrast* 15 U.S.C. § 1681k(a)(1) with § 1681b(b)(3).

5

Instead, it simply refused to produce them (or to note the documents at issue that it was withholding in its objections or any privilege log).

### III. PLAINTIFF IS ENTITLED TO REMEDY PURSUANT TO RULE 37

As this discovery non-compliance is substantial and has caused unmitigable prejudice to Plaintiff, Plaintiff seeks the following remedies pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(A)(i)-(vii):

**A.     Defendant's use of certain undisclosed facts, documents, and witnesses justifies Rule 37(c)(1)'s preclusion sanction.[4]**

Clearly, a defendant cannot be permitted to use documents, testimony and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1), 26(a)(2) and 26(e). Unlike conventional written discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). Barksdale v. E & M Transp., Inc., 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification).

Exclusion of evidence is the only appropriate remedy for a party's failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" Bland v. Fairfax County, Va., 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting Hoyle v. Freightliner, LLC, 650 F.3d 321 (4th Cir. 2011). This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

Subdivision (c). The revision provides a self-executing sanction for failure to

---

4 Plaintiff relies on the arguments contained in Dkt. No. 30. A portion of the argument is included herein for the convenience of the Court.

>make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." Barksdale v. E & M Transp., Inc., 3:10CV140, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case. Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." Campbell v. United States, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011). In this case, Defendant's counsel is well familiar with the Rule and the sanction, and has defended this very motion in many other cases.

There is no conceivable justification, let alone a substantial justification, for Defendant's failure in its mandatory duty to disclose witnesses and documents it may later rely on, especially when the Plaintiff spent months and great resources in its attempt to learn this information.

The Advisory Committee Notes offer examples under which these conditions might apply, which courts have consistently done since their adoption. *See e.g.* Scott v. GMAC Mortgage, LLC**,** Civ. No. 10CV24-NKM (W.D.Va. April 14, 2011)(the court found GMAC's conduct to be egregious and accordingly ordered sanctions for failure to timely comply with discovery, including the sanction of entry of default and award of attorney fees.) They include instances in which the omission was limited, for a witness otherwise known to both parties, or when the negligent party was a *pro se* litigant. Id.*; accord,* Barksdale*,* 2010 WL 4534954, at *3-4. None of these apply in the present case. The Advisory Committee Notes further explain that:

>Limiting the automatic sanction to violations "without substantial justification,"

coupled with the exception for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations: e.g., the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties; the failure to list as a trial witness a person so listed by another party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures. In the latter situation, however, exclusion would be proper if the requirement for disclosure had been called to the litigant's attention by either the court or another party.

One of the cases which is most frequently cited on this issue, even outside this District and Circuit, is Rambus, Inc. v. Infineon Tech. AG, 145 F. Supp.2d 721 (E.D. Va. 2001), adopted by the Fourth Circuit in Southern States Rack & Fixture v. Sherwin-Williams Co., 318 F.3d 592, 596 (4th Cir. 2005). In the Court's detailed analysis of the appropriate standard and remedy under Rule 37(c), the Court considered the severity of the exclusion remedy and determined the standard by which the remedy should be enforced. The Court applied the Burlington Insurance test to consider the following five factors: (1) the surprise to the party against whom the witness was to have testified; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the testimony would disrupt the trial; (4) the explanation for the party's failure to name the witness before trial; and (5) the importance of the testimony. 145 F. Supp.2d at 726, 727-734. Importantly, there is no "bad faith" element, and even an innocent omission cannot constitute "substantial justification." Southern States Rack & Fixture, 318 F.3d at 596; Scott v. GMAC, 3:10CV24-NKM, at 11-12. As the Court explained in *Rambus*,

> [T]he plain language of the rule contains no requirement for bad faith or callous disregard of the discovery rules. In fact, the rule is rather harsh in that it automatically imposes the preclusion sanction unless the non-complying party can show that there is substantial justification for the failure to make the disclosure, and that the failure was harmless.

145 F. Supp.2d at 727. Plainly, Equifax's failure to offer any evidence – to make any relevant disclosures - to support a claim that it timely sent FCRA § 1681k(a)(1) notices cannot shelter it now. In a case like this one, a lack of evidence proves the case.

8

**B.     Rule 37(a) provides the court with the authority to enter an order compelling Equifax to comply with discovery.**

In addition to the other remedies sought herein, Plaintiff is entitled to another order compelling Equifax to produce the categories of documents listed above as previously ordered by the Court. Fed. R. Civ. P. 37(a)(3)(A)-(B). Plaintiff seeks this sanction in addition to Rule 37(c)(1)'s automatic exclusion of evidence that is not timely disclosed under Rule 26(a)(1). Plaintiff is still entitled to discover the information he has sought in the discovery process in order to prosecute his claims, notwithstanding Equifax's inability to use it in its defense.

**IV.     CONCLUSION**

As this discovery non-compliance is substantial and has caused unmitigable prejudice to Plaintiff, Plaintiff seeks the following remedies pursuant to Fed. R. Civ. P. 37(c)(1) and 37(b)(2)(A)(i)-(vii):

(1)     that the Court bar Equifax from asserting any facts or legal arguments that it sends § 1681k(a)(1) notices "at the time" consumer reports are sent to users;

(2)     that the Court bar Equifax from asserting any facts or legal arguments that Plaintiff is atypical of the class and subclasses;

(3)     that the Court bar Equifax from asserting any facts or legal arguments against ascertainability of the class and subclasses;

(4)     that the Court bar Equifax from asserting any facts or legal arguments against willfulness as defined by Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 127 S. Ct. 2201, 167 L. Ed. 2d 1045 (2007);

(5)     that the Court bar Equifax from using any documents or witnesses that were not disclosed in its Rule 26(a)(1) disclosures or otherwise fairly identified in response to Plaintiff's interrogatories; and

9

(6) that the Court award Plaintiff his reasonable attorney fees and costs in bringing this motion.

           MIGUEL A. RODRIGUEZ *on behalf of*
           *himself and all others similarly situated*

           By:    */s/ John C. Bazaz*
                     Counsel

John C. Bazaz, Esq., VSB #70796
Counsel for Mr. Rodriguez
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

<u>Certificate of Service</u>

      I hereby certify that on April 13, 2015, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the counsel who appear in the CM/ECF system:

John W. Montgomery, Jr., Esq.
Counsel for Equifax Information Services LLC
John W. Montgomery, Jr., Attorney, PLC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

Tony Love, Esq.
Counsel for Equifax Information Services LLC
King & Spalding LLP
1180 Peachtree Street NE
Atlanta, GA 30309-3521
Telephone: 404.572.2565
Facsimile: 404.572.5100
TLove@KSLAW.com

Matthew James Erausquin, Esq.
Consumer Litigation Associates PC (Alex)
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
703-273-7770
Fax: 888-892-3513
Email: matt@clalegal.com

Leonard Anthony Bennett, Esq.
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax: 757-930-3662
Email: lenbennett@clalegal.com

Casey Shannon Nash
Consumer Litigation Associates PC (Alex)
1800 Diagonal Rd., Suite 600
Alexandria, VA 22314
703-273-7770
Fax: 1-888-892-3512
Email: casey@clalegal.com

Susan Mary Rotkis
Consumer Litigation Associates
763 J Clyde Morris Boulevard, Suite 1A
Newport News, VA 23601
757-930-3660
Fax: (757) 930-3662
Email: srotkis@clalegal.com

                                                  */s/ John C. Bazaz*
                                  John C. Bazaz, Esq., VSB #70796
                                  Counsel for Mr. Rodriguez
                                  Law Offices of John C. Bazaz, PLC
                                  4000 Legato Road, Suite 1100
                                  Fairfax, VA 22033
                                  Telephone: 703-272-8455
                                  Facsimile: 703-596-4555
                                  jbazaz@bazazlaw.com