UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

MIGUEL A. RODRIGUEZ,
on behalf of himself and all others similarly situated,

    Plaintiff,

v.	Case No.: 1:14-cv-1142-AJT-TRJ

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 37 MOTION**

Defendant Equifax Information Services LLC ("Equifax"), by undersigned counsel, submits this response in opposition to Plaintiff's Rule 37 Motion (Doc. 42) (the "Motion").

**INTRODUCTION**

Plaintiff's motion to compel is the latest chapter in a discovery dispute seemingly fueled by his frustration that the evidence Equifax has produced to date proves only that Plaintiff's claims are meritless. The dispositive issue for Plaintiff's claim are if and when Equifax mailed consumer notices, as required by 15 U.S.C. § 1681k, when Equifax provided consumer reports to the Office of Personnel Management ("OPM") between September 2012 and May 2013. Plaintiff cannot prove Equifax willfully violated § 1681k because the evidence — including two months' worth of notices and corresponding consumer reports — proves that, as Equifax has consistently maintained, its policy and procedure was to send the notices required by § 1681k on the same business day it provided reports to OPM. Plaintiff, therefore, cannot prevail on the merits of his claim or satisfy his burden under Rule 23. In the face of these facts, Plaintiff seeks to continue litigating discovery issues in the hope that the Court will keep Plaintiff's meritless claim alive.

1

To that end, Plaintiff asks the Court to grant him what amounts to summary judgment and class certification under the guise of discovery sanctions, all because Equifax supposedly violated the Court's March 12, 2015 Order. But Equifax unequivocally did *not* violate the Court's Order; to the contrary: it went to great length and incurred substantial expense to comply with the Court's Order and produce to Plaintiff the documents he sought, even though they do nothing to save his claims. Because Equifax fully complied with the Court's March 12, 2015 Order, Plaintiffs' untimely and draconian request for punitive sanctions should be denied.

## BACKGROUND

On March 12, 2015, the Court granted in part and denied in part Plaintiff's second motion to compel.  The Court had previously dismissed Plaintiff's first motion to compel; it did not, as Plaintiff suggests, grant that motion.  Specifically, the Court instructed Equifax to produce communications between Equifax and OPM relating to § 1681k compliance, procedures to comply with § 1681k, and internal communications about compliance. The Court instructed Equifax to produce those documents after lengthy oral argument. The scope of the argument and the Court's subsequent order related to documents Plaintiff sought regarding Equifax's transmission of § 1681k notices in connection with consumer reports provided to OPM.

The Court ordered Equifax to produce the documents within seven days, by March 19, 2015.  Tr. 70:7-9.[1]

---

[1] The Court also ordered Equifax either to stipulate to ascertainability, numerosity, and typicality or produce two months' worth of credit reports and 1681k notices. Hearing Transcript, p. 56:4-11 (hereinafter "Tr. __:__.). At Equifax's request, the Court ordered Plaintiff to provide Equifax with its proposed class definition(s) by close of business on Friday, March 13; Equifax then had until close of business on Monday, March 16, to notify Plaintiff whether it would stipulate to ascertainability, numerosity, and typicality. Tr.56:1-6.  Because Plaintiff's class definitions bore no resemblance to the allegations in his Complaint, and because the proposed classes do not satisfy the Rule 23(a) criteria, Equifax declined to stipulate to ascertainability,

On March 19, 2015, Equifax produced nearly 500 pages of additional documents that fell in the three categories of documents the Court ordered Equifax to produce. Those documents included other documents that are not relevant, but that Plaintiff had specifically requested and insisted would be crucial to his claim — such as Equifax's OPM bid documents and quarterly reports. In addition to the nearly 500 pages, Equifax also produced all § 1681k letters sent by Equifax in January 2013 and January 2014 related to an OPM inquiry — the equivalent of thousands of additional pages. At Plaintiff's request, Equifax produced these letters in native format, without an order from the Court, in the spirit of cooperation, and in a good-faith effort to avoid unnecessary discovery disputes.

At that time, counsel for Equifax also advised Plaintiff that Equifax would produce the corresponding credit reports on a rolling basis due to the volume of reports, the number of pages, and the time required to go page-by-page to redact the sensitive personal information (as Plaintiff agreed was appropriate). Equifax did not understand the Court's order to require the production of credit reports, which ultimately amounted to over 58,000 pages of highly sensitive, manually redacted documents, by March 19 — only three business days after it learned it would have to produce the credit reports[2]. Nor did Plaintiff complain, either on March 19 or at any time thereafter (at least until he filed his latest discovery motion) that Equifax's interpretation of the Court's Order was incorrect.

---

numerosity, and typicality. Instead, Equifax proposed alternative stipulations, which Plaintiff immediately rejected. *See*, Email from Z. McEntyre and reply Email from L. Bennett, Exhibit A.

[2] This is because it was not until March 16 that Equifax received, and was forced to reject, Plaintiff's class definitions, thus necessitating the production of the letters and credit reports.

The only documents Equifax produced after March 19 were credit reports. All other documents were produced on March 19, consistent with the Court's order. Equifax produced the credit reports on a rolling basis on March 20, March 23, March 27, April 1, and April 3.

During the March 12 hearing, the Court instructed Plaintiff to notify it of any complaints about Equifax's production within 13 days of Equifax's production, *i.e.*, by April 1. Plaintiff failed to give the Court any such notice — even though Plaintiff had notified Equifax within 20 minutes of Equifax's production of precisely the complaints that now fill his motion. *See*, Email from L. Bennett, Exhibit B. After Plaintiff's initial dispute correspondence, Plaintiff did not complain about Equifax's production until April 2, when Plaintiff repeated his previous complaints. At that point, Equifax pointed out documents it had produced that were responsive to Plaintiff's discovery requests and fell within the Court's Order. This included a detailed review of produced documents and an index with a description of the documents and the Bates number range for each document. *See*, Letter from C. Campbell, Exhibit C; *see also*, Emails from Z. McEntyre, Exhibit D. Further, counsel for Equifax reiterated to Plaintiff that Equifax had checked for additional responsive documents several times, but found none. *See*, Exhibit D. Despite all this, Plaintiff, more than a week after the Court's deadline, insists he is entitled to further relief from the Court.

## **ARGUMENT**

Plaintiff's Motion should be denied for at least three reasons: First, Equifax complied with this Court's March 12, 2015 Order. Second, Plaintiff's Motion is untimely. Finally, the drastic sanctions Plaintiff seeks — which are tantamount to entering summary judgment and certifying a class on these meritless claims against Equifax — are well beyond any relief the

Court contemplated at the March 12, 2015 hearing, are only available in the case of a willful violation of a Court order, which is not present here, and are otherwise completely unwarranted.

## I. EQUIFAX HAS COMPLIED WITH THE COURT'S MARCH 12, 2015 ORDER.

Plaintiff complains Equifax has improperly limited its production to OPM-related documents, purportedly in violation of the Court's March 12 Order. Yet Plaintiff's counsel has admitted that Plaintiff himself limited his discovery requests to OPM-related documents. When questioned by the Court about the scope of the discovery sought by Plaintiff, Plaintiff's counsel reassured the Court that Plaintiff sought only a narrow category of information: "Judge, we narrowed it subsequent to this to OPM....We narrowed it long ago...**In fact, all of our requests we narrowed to the OPM contract earlier in this case, Judge**." Tr. 30:22-23; 31:1-5. (emphasis added). Plaintiff's counsel repeatedly asserted the discovery was limited to OPM-related documents. *See*, Tr. 12:14-15 ("The only end user is OPM"); 14:17-24 (defining the proposed class with reference to OPM); 22:7-16 (seeking OPM folder). In fact, the entire hearing on March 12, 2015 was conducted in the context of what OPM-related documents would be produced. At the hearing, the Court and the parties understood that Equifax's discovery obligations were limited to those documents related to OPM disclosures, not, as Plaintiff now contends, *all* documents related to *any* § 1681k notice (whether related to OPM or not).

Nevertheless, throughout his Motion, Plaintiff repeatedly asserts that the Court ordered production of broad categories of documents related to any § 1681k notice. Noticeably absent from each of Plaintiff's assertions are citations to any part of the hearing transcript to support his remarkably broad interpretation of the Court's order—a breadth contradicted by counsel's own statements to the Court during the hearing. Equifax complied with the Court's Order and produced the relevant documents it located. This was communicated numerous times to

Plaintiff's counsel. *See*, Exhibits A and B. Because Equifax has complied with the Court's Order, Plaintiff's Motion should be denied. Plaintiffs' counsel's apparent frustration with the small number of documents related to Equifax's policy for § 1681k notices related to OPM reports is not reason enough to sanction Equifax, when it has produced all that it has been ordered or requested to produce.

## II. PLAINTIFF'S MOTION IS UNTIMELY AND, THEREFORE, SHOULD BE DENIED.

At the March 12, 2015 hearing, the Court ordered Equifax to serve its supplemental responses and documents in seven days, or by March 19, 2015. *See*, Tr. 70:2. The Court then gave Plaintiff until Wednesday April 1, 2015 "to take a look at what they have given you before deciding whether you want to try to convince [the Court] to give you the OPM folder." Tr. 70:21-24; 71:5-8.

Equifax produced all documents by the Court-imposed deadline of March 19, with the exception of the credit reports, which were produced on a rolling basis, as discussed above, due to the massive amount of time and resources required to produce them. In other words, Plaintiff had everything he needed on March 19 to decide whether or not to seek further relief from the Court.

In his Motion, Plaintiff complains that Equifax waited until April 3, 2015 to produce most of its documents, and he contends that this purported delay justifies his otherwise untimely motion. *See* Plaintiff's Motion, p. 3 & n.1. This is simply not true. Although April 3, 2015 was the date on which Equifax produced the last batch of consumer credit reports, the information produced on April 3 was simply more of the same: the last batch of consumer reports already produced. The fact that Equifax needed to produce the consumer reports in batches because of how time consuming the redaction process was does not change the bottom line: Plaintiff has

6

known since March 19 what Equifax intended to produce in response to the Court's order. Nothing produced by Equifax after March 19 could have impacted Plaintiff's decision to delay filing his Motion because only credit reports were produced after March 19.

Plaintiff ignored the Court's April 1 deadline and instead waited until April 10 to contact the Court. Plaintiff's failure to comply with the Court-imposed deadline and out-of-time request for relief only further delays this already prolonged case. This case is ready to be scheduled for briefing on class certification and summary judgment, and any further delay is both unnecessary and prejudicial given the weakness of Plaintiff's claims and the need for the Court to address the merits of this dispute. Because Plaintiff's Motion is untimely, his Motion should be denied.

### III. PLAINTIFF'S REQUESTED SANCTIONS ARE UNWARRANTED AND BEYOND THE SCOPE OF THE RELIEF CONTEMPLATED BY THE COURT.

Plaintiff requests drastic, unsupportable sanctions against Equifax for doing exactly what the Court ordered Equifax to do.  Plaintiff first asks the Court to prevent Equifax from asserting "any facts or legal arguments" that it sends the notice required by §1681k at the time a consumer report is sent. *See*, Plaintiff's Motion, p. 9. Plaintiff then asks the Court to prevent Equifax from presenting any evidence to contest willfulness, or the class's typicality and ascertainability. *Id*. In short, Plaintiff seeks to use a discovery motion to obtain summary judgment and class certification.  Unable to win on the merits of the case, Plaintiff is now attempting to use discovery motions to save his case.

Despite Plaintiff's claims to the contrary, Equifax has in fact produced documents to prove it has complied with §1681k. Although Plaintiff sought, and Equifax produced, quarterly reviews, OPM contract bid documents, and other irrelevant information, Plaintiff's case can be distilled into one simple question: did Equifax send timely notice as required by §1681k? While

Equifax's mail vendor did not keep records of the dates on which it placed the letters in the U.S. Mail, the § 1681k notices and corresponding credit reports prove Equifax did not willfully violate §1681k. In fact, Equifax complied with § 1681k by generally sending the notice on the same business day it furnished an OPM report.  Under any reasonable, plain-meaning construction of §1681k, Equifax therefore satisfied its obligation to send the §1681k notice "at the time" it furnished the OPM report. 15 U.S.C. §1681k(a)(1).  Thus, the only way Plaintiff can prevail is to seek sanctions for non-existent discovery violations.

Even if the Court finds that Equifax, despite its extensive production, did not comply with the Court's March 12 Order, the Court expressly stated the remedy: production of the entire OPM folder. Tr. 70:12-16 ("If after seeing what is produced as a result of today's hearing you still want to ask for the OPM folder, then contact Ms. Genti, and we'll set up a telephone hearing very quickly to deal with that."). That remedy itself is unwarranted and unduly burdensome. But if the Court is inclined to impose a remedy, it should not hand Plaintiff the *de facto* summary judgment and class certification he seeks.

## CONCLUSION

Given the extraordinary lengths to which Equifax has gone to produce documents in this case, fully complying with the Court's Order, any argument that it is trying to hide the ball is outlandish, at best. Rather than continuing to prolong this case with unrelenting, unnecessary discovery demands, Plaintiff should litigate it on its facts.  Those facts, based on the testimony and the evidence, are undisputed:  Equifax did not willfully, uniformly violate 1681k. Plaintiff's Rule 37 Motion (Doc. 42) should be denied.

Case 1:14-cv-01142-AJT-MSN Document 48 Filed 04/15/15 Page 9 of 10 PageID# 635

Respectfully submitted this 15th day of April, 2015.

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
John W. Montgomery, Jr., PC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 15th day of April, 2015, I electronically filed the foregoing DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S RULE 37 MOTION with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

John C. Bazaz
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033

Leonard A. Bennett
Susan M. Rotkis
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601

Matthew J. Erausquin
Casey S. Nash
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314

/s/
John W. Montgomery, Jr.
Virginia State Bar No. 37149
Counsel for Equifax Information Services, LLC
John W. Montgomery, Jr., PC
2116 Dabney Road, Suite A-1
Richmond, VA 23230
Telephone (804) 355-8744
Facsimile (804) 355-8748
Email: jmontgomery@jwm-law.com