IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| MIGUEL A. RODRIGUEZ,<br>*on behalf of himself and all others*<br>*similarly situated*<br><div align="right">Plaintiffs,</div><br><div align="center">v.</div><br>EQUIFAX INFORMATION SERVICES,<br>LLC,<br>SERVE:  Corporation Service Company<br>        Bank of America Center 16th Floor)<br>        111 East Main Street<br>        Richmond, VA 23219<br><br><div align="right">Defendants.</div> | Civil Action No.: 1:14cv1142-AJT-TRJ |

**AMENDED CLASS ACTION COMPLAINT**

Plaintiff, MIGUEL A. RODRIGUEZ ("Mr. Rodriguez"), on behalf of himself and all

others similarly situated, by counsel, seek judgment against Defendant Equifax and states as

follows:

<u>Preliminary Statements</u>

1.      This is an action for actual, statutory, and punitive damages, costs, and attorney's

fees brought pursuant to 15 U.S.C. § 1681 et seq. ("Fair Credit Reporting Act" or "FCRA").

Defendant Equifax operates as a consumer reporting agency to prepare and furnish consumer

reports for employment and other purposes.  Defendant Equifax furnished consumer reports to

users that contained patently inaccurate information and/or public records likely to have an adverse

effect upon Mr. Rodriguez's ability to obtain employment.

2.      Defendant Equifax also failed to provide Plaintiff Rodriguez and other similarly

situated consumers with timely and lawful notice that it was furnishing an employment-purposed-

consumer report at the time that it did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the reporting agency to obtain and, as appropriate, correct information in the furnished report. It was also intended to alert the consumer to the user's use of the report to provide consumers with the opportunity to address any concerns or derogatory history in the report directly with the employer and/or investigator. Defendant Equifax's failure to comply with these long standing requirements denied Plaintiff Rodriguez, and each putative class member, these important rights.

3.     Plaintiff Rodriguez also brings individual claims for Defendant Equifax's violation of 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Mr. Rodriguez.

<u>Jurisdiction</u>

4.     The jurisdiction of this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1367.  Defendant Equifax is subject to personal jurisdiction in the Eastern District of Virginia, Alexandria Division, by virtue of the business they conduct in the division.  Venue is proper in this jurisdiction.

<u>Parties</u>

5.     Plaintiff is a natural person and a "consumer" as defined by the FCRA.

6.     Defendant Equifax Information Services, LLC ("Defendant Equifax") is a foreign limited liability company transacting business in Virginia and maintains a registered agent office in Richmond, Virginia.  At all times relevant to this action, Defendant Equifax was a "consumer reporting agency" as defined by the FCRA.

7.     Defendant Equifax is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing "investigative consumer reports", as defined in 15 U.S.C. § 168ld, to third parties.

8.　　Defendant Equifax regularly furnishes investigative consumer reports to third parties under contract for monetary compensation.

Facts

9.　　In or around September 2012, Plaintiff Rodriguez sought employment with a federal government contractor.　He needed a security clearance for this new job.

10.　　As part of the security clearance background investigation, The U.S. Office of Personnel Management ("OPM"), sought consumer reports regarding Mr. Rodriguez from Defendant Equifax.

11.　　On or around September 6, 2012, Defendant Equifax received a request for Mr. Rodriguez's consumer file from OPM.　OPM's permissible purpose to access Mr. Rodriguez's report was employment related.

12.　　On or around that same time, Defendant Equifax furnished a consumer report to OPM that contained public record information likely to have an adverse effect upon Mr. Rodriguez's ability to obtain employment (i.e., bankruptcy and civil judgment).

13.　　Upon information and belief, Defendant Equifax resold information from Trans Union and Experian to OPM for the purpose of determining eligibility for a security clearance and employment. Thus, Defendant Equifax was both a user of Mr. Rodriguez's consumer report as well as a consumer reporting agency.

14.　　Defendant Equifax knew that the report that it was selling to OPM was being used for employment purposes.

15.　　Despite providing a report for employment purposes to OPM, which contained public record information likely to have an adverse effect upon Mr. Rodriguez's ability to obtain

employment, Defendant Equifax failed to provide notice to Mr. Rodriguez that it was doing so, along with the name and address of the person or company to whom such information was being reported.

16.     Mr. Rodriguez was confronted by the security clearance investigator about the bankruptcy and civil judgment that were being reported by Defendant Equifax. Mr. Rodriguez had no explanation for the civil judgment, as it did not belong to him.

17.     Upon information and belief, Mr. Rodriguez alleges that Defendant Equifax did not attempt to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Clerk of the Court) immediately before furnishing a report which includes such information. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer report at issue in this case.

18.     Defendant Equifax knew or should have known about its legal obligations under the FCRA. These obligations are well established in the plain language of the FCRA and in the promulgations of the Federal Trade Commission and the Consumer Financial Protection Bureau.

19.     Defendant Equifax obtained or had available substantial written materials that apprised them of their duties under the FCRA.

20.     Despite knowing of these legal obligations, Defendant Equifax acted consciously in breaching its known duties and deprived Mr. Rodriguez and other members of the class of their rights under the FCRA. Mr. Rodriguez alleges that Defendant Equifax's conduct as alleged herein was consistent with its established and systematically executed procedures and policies for compliance with the FCRA.

## COUNT I: VIOLATION OF 15 U.S.C. § 1681k
### Class Claim

21.     Plaintiff Rodriguez restates each of the allegations in the preceding paragraphs as if

4

set forth at length herein.

22.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Rodriguez

brings this action for himself and on behalf of a class (the "Amended §1681k Class") defined as

follows:

> All natural persons residing in the United States (including all territories and other
> political subdivisions of the United States) (a) who were the subject of a consumer
> report furnished to OPM, (b) that was furnished for an employment purpose, (c) that
> contained at least one record of a civil lien, bankruptcy or civil judgment ("the
> public record"), (d) on or after September 5, 2012 and on or before July 17, 2014,
> and (e) to whom Defendant Equifax did not mail at the same time it furnished any
> part of the report containing the public record, a written notice that it was furnishing
> the subject report and containing the name of the user that was to receive the report.
> Excluded from the class definition are any employees, officers, directors of
> Defendant Equifax, any attorney appearing in this case, and any judge assigned to
> hear this action.

23.     Subclasses.  Plaintiff brings the claims on behalf of the Amended §1681k Class by

way of four subclasses as follows:

a.     Subclass One.

All members of the Amended §1681k Class about whom a subject OPM
employment report was furnished to OPM on or after September 5, 2012 and on or
before May 28, 2013.

b.     Subclass Two.

All members of the Amended §1681k Class about whom a subject OPM
employment report was furnished to OPM on or after May 28, 2013.

c.     Subclass three.

All members of the Amended §1681k Class to whom Equifax's records show that it
mailed the form "PR Letter" (§1681k(a)(1) notice) for a subject OPM employment
report substantially the same as Exhibit "A" attached herein.

d.     Subclass Four.

All members of the Amended §1681k Class to whom Equifax's records show that it
mailed the form "PR Letter" (§1681k(a)(1) notice) for a subject OPM employment
report substantially the same as Exhibit "B" attached herein and that did not identify

OPM after the sentence:  "The name of the company that received your file along with their contact information follows:".

24.    **Numerosity.  FED. R. CIV. P. 23(a)(1).** Mr. Rodriguez is a member of each subclass.  In September 2012, Equifax mailed him a letter that was substantially similar to Exhibit A.  In January 2014, Equifax mailed him the letter that is attached as Exhibit B.  Both form letters violated §1681k(a)(1) as the first (Exhibit "A") did not identify that Equifax (or any specific consumer reporting agency) had furnished the public record.  And the second (Exhibit B) did not identify the end-user who was to receive the report.  In neither time period did Equifax furnish the notice letters "at the time" it furnished the report.  Plaintiff Rodriguez alleges that the Amended §1681k Class and each subclass are so numerous that joinder of the claims of all class members is impractical. Plaintiff Rodriguez estimates that the Amended §1681k Class and each subclass are comprised of potentially thousands, if not tens of thousands, of consumers. Defendant Equifax operates as a national consumer-reporting agency and, upon information and belief, provides at least tens of thousands of consumer reports for employment purposes each year. The names and addresses of the class members are identifiable through documents maintained by Defendant Equifax and the class members may be notified of the pendency of this action by published and/or mailed notice.

25.    **Existence and Predominance of Common Questions of Law and Fact.  Fed. R. Civ. P. 23(a)(2).**  There are questions of law and fact common to the class, which common issues predominate over any issues involving only individual class members.  For example, and without limitation, the focus of the litigation will be: (a.) whether Defendant Equifax sent the required notices; (b.) the date on which Defendant Equifax sent the required notices; (c.) whether the form letters complied with §1681k(a)(1); (d.) whether Defendant Equifax's conduct constituted a violation of the FCRA; (e.) whether Defendant Equifax acted willfully in their failure to design

and implement procedures to assure compliant delivery and/or timing of these notices; and (f.) the appropriate amount of statutory and/or punitive damages that are appropriate for such a violation.

26. **Typicality. Fed. R. Civ. P. 23(a)(3)**. Plaintiff Rodriguez's claims are typical of those of the class members.  All are based on the same facts and legal theories. Defendant Equifax uses common practices and automated systems in committing the conduct that Plaintiff Rodriguez alleges injured him and the Class. Defendant Equifax routinely failed to notify consumers when they provided a consumer report for an employment purpose containing public record information likely to have an adverse effect upon the consumer's ability to obtain employment during the full class period. Plaintiff Rodriguez seeks statutory and punitive damages for the class claims and, in addition, Plaintiff Rodriguez is entitled to relief under the same causes of action as the other members of the Amended §1681k Class and each subclass. The violation alleged is the same and the class claim will rise and fall entirely based upon whether or not Plaintiff Rodriguez's claims rise or fall.

27. **Adequacy. Fed. R. Civ. P. 23(a)(4).** Plaintiff Rodriguez will fairly and adequately protect the interests of the class.  Plaintiff Rodriguez's interests coincide with and are not antagonistic to the Class members' interests. Plaintiff Rodriguez has retained counsel experienced in handling actions involving unlawful practices against consumers and class actions. Neither Plaintiff Rodriguez nor his counsel has any interests that might cause them not to vigorously pursue this action. Plaintiff Rodriguez is aware of his responsibilities to the putative classes and have accepted such responsibilities.

28. **Superiority.  Fed. R. Civ. P. 23(b)(3).**  Questions of law and fact common to the Amended §1681k Class and member of a subclass predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are

such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant Equifax's conduct.  It would be virtually impossible for the members of the Amended §1681k Class and each subclass to individually redress effectively the wrongs done to them.  Even if the members of the Amended §1681k Class and each subclass themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant Equifax's conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in just one case.

29.     Further, the Court is able to certify a liability-only class pursuant to Fed. R. Civ. P. 23(c)(4).

30.     **Injunctive Relief Appropriate for the Class.  Fed. R. Civ. P. 23(b)(2).** Certification of a class under Rule 23(b)(1) of the Federal Rules of Civil Procedure is proper. Prosecuting separate actions by or against individual class members would create a risk of adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

31.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that Defendant Equifax has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

32.     Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

8

a.      As alleged above, the questions of law or fact common to the members of

the Amended §1681k Class and each subclass predominate over any questions affecting an

individual member.  Each of the common facts and legal questions in the case overwhelm the more

modest individual damages issues.  Further, those individual issues that do exist can be effectively

streamlined and resolved in a manner that minimizes the individual complexities and differences in

proof in the case.

b.      A class action is superior to other available methods for the fair and efficient

adjudication of the controversy. Consumer claims generally are ideal for class treatment as they

involve many, if not most, consumers who are otherwise disempowered and unable to afford and

bring such claims individually.  Further, most consumers affected by Defendant Equifax's FCRA

violations would likely be unaware of their rights under the law, or of whom could represent them

in federal litigation.  Additionally, individual litigation of the uniform issues in this case would be

a waste of judicial resources as it increases the delay and expense to all parties and to the court

system presented by the complex legal and factual issues raised by Defendant Equifax's conduct.

By contrast, the class action device will result in substantial benefits to the litigants and the Court

by allowing the Court to resolve numerous individual claims based upon a single set of proof in

just one case. The issues at the core of this case are class wide and should be resolved at one time.

33.      Defendant Equifax's failure to timely provide the required FCRA notices to

Plaintiff Rodriguez and the putative class members violated 15 U.S.C. §1681k(a)(1).

34.      The conduct, actions, and inaction of Defendant Equifax willfully violated

§1681k(a)(1) of the FCRA as to each subclass, rendering Equifax liable for statutory and punitive

damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

35.      Plaintiff Rodriguez and other members of the Amended §1681k Class and each

subclass are entitled to recover costs and attorney's fees as well as appropriate equitable relief

from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

36.     As a result of these FCRA violations, Defendant Equifax is liable to Plaintiff Rodriguez and to each member of the Amended §1681k Class and each subclass, for statutory damages from $100.00 to $1,000.00, punitive damages, and for their attorney's fees and costs.

## COUNT II: VIOLATION OF 15 U.S.C § 1681e(b)
### Individual Claim by Plaintiff Rodriguez

37.     Plaintiff Rodriguez reiterates each of the allegations in the preceding paragraphs as if set forth at length herein.

38.     Defendant Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding Mr. Rodriguez.

39.     Defendant Equifax furnished a consumer report for an employment purpose containing an objectively incorrect civil judgment that was under an entirely different name and a "collection account" that had been clearly discharged in bankruptcy.

40.     As a result of this conduct by Defendant Equifax, Mr. Rodriguez suffered actual damages.

41.     Defendant Equifax's violations of 15 U.S.C. §1681e(b) were willful, rendering Defendant Equifax liable pursuant to 15 U.S.C. §1681n.  In the alternative, Defendant Equifax was negligent entitling Mr. Rodriguez to recover under 15 U.S.C. §1681o.

42.     Mr. Rodriguez is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiff, MIGUEL A. RODRIGUEZ, requests the following relief:

A.      That an order be entered certifying the proposed Amended §1681k Class and subclasses under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff Rodriguez and his counsel to represent the Amended §1681k Class and subclasses;

B.      That judgment be entered for the Amended §1681k Class and subclasses against Defendant Equifax for statutory and punitive damages for its violations of 15 U.S.C. §1681k, pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

C.      That judgment be entered for Plaintiff Rodriguez individually against Defendant Equifax for actual, statutory and punitive damages for its violations of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and/or 1681o;

D.      That the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E.      That the Court grant such other and further relief as may be just and proper..

## DEMAND FOR TRIAL BY JURY

Mr. Rodriguez demands trial by jury as to all issues against Defendant Equifax.

MIGUEL A. RODRIGUEZ


By: ___*/s/ John C. Bazaz*_____
                   Counsel

John C. Bazaz, Esq., VSB #70796
Counsel for Mr. Rodriguez
Law Offices of John C. Bazaz, PLC
4000 Legato Road, Suite 1100
Fairfax, VA 22033
Telephone: 703-272-8455
Facsimile: 703-596-4555
jbazaz@bazazlaw.com

Leonard A. Bennett, Esq., VSB #37523
Susan M. Rotkis, VSB No. 40693
Counsel for Mr. Rodriguez
Consumer Litigation Associates, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
Telephone: 757-930-3660
Facsimile: 757-930-3662
lenbennett@clalegal.com
srotkis@clalegal.com

Matthew J. Erausquin, VSB No. 65434
Casey S. Nash, VSB No. 84261
Counsel for Mr. Rodriguez
Consumer Litigation Associates, P.C.
1800 Diagonal Road, Suite 600
Alexandria, VA 22314
Telephone: 703-273-7770
Facsimile: 888-892-3512
matt@clalegal.com
casey@clalegal.com